UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL STAATS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   NO. 1:11-cv-01673-WTL-MJD |
| ACCOUNTS RECOVERY | ) |
| BUREAU, INC., | ) |
| JOHN DOE, AND JANE DOE, | ) |
| | ) |
|    Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

This matter is before the Court on Plaintiff Michael Staats' ("Staats") Motion to Amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). [Dkt. 20]. The Court, being duly advised, **GRANTS** in part and **DENIES** in part Staats' Motion to Amend his Complaint.

## I. Background

This case involves Staats' action seeking actual and statutory damages from Defendants Accounts Recovery Bureau, Inc. ("ARB"), John Doe, and Jane Doe under the Fair Debt Collection Practices Act ("FDCPA"). Around January 2011, Staats incurred a medical bill, which at some point later became in arrears and was assigned to ARB for collection. Staats was initially contacted by ARB in regards to his medical bill having been sent to collections. Later, he was allegedly contacted again – within thirty days of the initial contact – by John Doe, an employee of ARB. During a short exchange, John Doe told Staats that ARB could garnish his wages. However, ARB did not have a

1

judgment to garnish Staats' wages and did not, at that time, intend to obtain a judgment to do so. Staats, having worked in the collections industry, told John Doe he did not believe ARB could threaten wage garnishment without a judgment and asked to speak with John Doe's supervisor. The supervisor, Jane Doe, allegedly confirmed what John Doe had told Staats regarding garnishing Staats' wages.

At the time of the exchange between Staats and the two ARB employees, Staats did not know their names and so when filing his Complaint named them as John and Jane Doe. Staats has since learned John and Jane Doe's actual names and seeks leave to amend his Complaint to include them as Defendants using their actual names. Additionally, Staats seeks to provide a more detailed factual statement regarding the conversation he had with John Doe based upon a copy of the recording of the conversation provided by ARB.

## II. Legal Standard

A plaintiff may amend his complaint once as a matter of course, so long as that motion is made within 21 days after service of the answer or any motion under Federal Rule of Civil Procedure 12. Fed. R. Civ. P. 15(a)(1)(A). In all other instances, Rule 15(a)(1)(B) requires plaintiff to either receive the opposing party's written consent or the Court's leave in order to amend the complaint. Rule 15 also states that the Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)(B). Defendants did not give written consent and therefore, Staats seeks leave to amend.

District courts have broad discretion in denying leave to amend a complaint when the amendment would be futile. *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (quoting *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009)); *see*

also *Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999). Amending a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief may be granted under Rule 12(b)(6). *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

## III. Discussion

The parties' arguments focus solely on the amendment to join and provide the actual names of Defendants John and Jane Doe. Staats argues that the employees are debt collectors as defined by the FDCPA and that his amendment is simply meant to bring his Complaint into conformity with his current knowledge. According to Staats, although each debt collector cannot be liable for statutory damages of more than $1000.00, if more than one debt collector violated the FDCPA, each can be held liable. Thus, under Staats' theory, he would be entitled to statutory damages for each of the Defendants.

In response, ARB argues that the amendment is futile for two reasons. First, the amendment would be futile because the Seventh Circuit has held that employees of a debt collector company cannot be found individually liable under the FDCPA. Second, the amendment would not entitle Staats to any additional recovery, because the FDCPA caps the statutory damages at $1000 per action. Thus, the parties disagree as to what effect the amendment will have on this matter.

As a starting point, it is well-settled law that, when a plaintiff seeks to amend his complaint to name a previously named "John Doe," he is in fact joining a new party to the litigation. *Sassi v. Breier*, 584 F.2d 234, 235 (7th Cir. 1978); *see also Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995); *Wayne v. Jarvis* 197 F.3d

3

1098, 1103-04 (2d Cir. 1999); *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014 (3d Cir. 1995); *Moore v. Tennessee*, 267 F. App'x. 450, 455-56 (6th Cir. 2008); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004). Thus, Staats essentially seeks to join two additional parties to this litigation. Therefore, to determine whether it would be futile to permit the joinder of two new parties, the Court must determine whether employees of a debt collector company may be personally liable for violations of the FDCPA. If not, joining the two employees as Defendants would be futile.

**A. Individual Employee Liability under the Act.**

In support of its position that the amendment is futile, ARB cites to *White v. Goodman*, 200 F.3d 1016 (7th Cir. 2000) and *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057 (7th Cir. 2000). In *White* the court held that the degree of control exercised by an officer or shareholder is irrelevant to determining his liability under the FDCPA. *White*, 200 F.3d at 1019. In *Pettit*, the Seventh Circuit went on to reaffirm *White* by holding, "the Act does not contemplate personal liability for … employees of debt collection companies who act on behalf of those companies, except perhaps in limited instances where the corporate veil is pierced*." Pettit*, 211 F.3d at 1059. Thus, according to ARB, the two employees working on behalf of ARB cannot be held personally liable and the amended Complaint will fail to state a claim upon which relief may be granted as against the two named employees.

Staats argues that *Pettit* does not foreclose personal liability on employees that themselves meet the definition of debt collectors. Rather, Staats argues that *Pettit* only forecloses liability in situations where an employee has been sued under the FDCPA

4

*simply because* they are an employee of the debt collector firm. The FDCPA defines debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). According to Staats, the two employees meet the definition of debt collector and therefore may be liable.[1]

Whatever merit Staats' argument contains in the realm of statutory interpretation, however, his argument fails considering the Seventh Circuit's holding in *Pettit*, which makes clear that employees working on behalf of the debt collector cannot be personally liable. The Seventh Circuit views violations of the FDCPA akin to violations of Title VII, in that employers are vicariously liable and must answer for employees' proscribed conduct. *Pettit*, 211 F.3d at 1059. By holding the employer vicariously liable for employees' violations, the debt collector company "and its managers have the proper incentives to adequately discipline wayward employees, as well as to instruct and train employees to avoid actions that might impose liability." *Id*. (quoting *U.S. EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995)).

Not only does Staats' Amended Complaint not allege a set of facts, plausible on

---

[1] Admittedly, the statute is silent on the issue of whether employees of a company that independently qualifies as a debt collector under the FDCPA could also be considered a debt collector. Indeed, as Staats points out, Congress decided to exclude employees of a creditor from the definition of debt collector. 15 U.S.C. §1692a(6)(A). The canon of statutory interpretation *expressio unius es exclusio alterius* suggests that if Congress knew how to carve employees of a creditor out of the definition of debt collector, then certainly they could have carved employees of a debt collector firm out of the definition of debt collector as well. The fact they declined to do so, Staats argues, indicates Congress' intent to allow individual liability for employees of debt collector firms.

its face, in which relief may be granted against the individuals sought to be joined, but – at least as to the two employees sought to be joined as defendants – sets forth a complaint in which no set of facts can state a claim upon which relief may be granted. While ARB's employees were the ones that actually violated the FDCPA, they were acting on behalf of ARB—which independently qualifies as a debt collector—and therefore the employees are not subject to individual liability as debt collectors under the FDCPA. Thus, under the law as articulated in *Pettit*, ARB alone can be held liable for the employees' violations. Therefore, the two ARB employees cannot be held liable for violations of the FDCPA, even if they were the ones that actually committed the proscribed conduct. Because ARB is ultimately liable for its employees, the portion of the amendment seeking to join the individual employees is futile as it fails to state a claim upon which relief may be granted.

To find otherwise, would leads to anomalous results in situations such as this one. The FDCPA states that any debt collector is liable for violations in an amount equal to the sum of any actual damages and "in the case of any action by an individual, such damages as the court may allow, but not exceeding $1000." 15 U.S.C. § 1692k(a). Thus, the statutory damages are capped at no more than $1000 per action, not per violation. As ARB argues, Staats tries to get around this rule by naming the two employees as Defendants. Under Staats' theory, if multiple employees had contacted Staats and violated the FDCPA, ARB would be vicariously liable for each of those employees and Staats could collect up to $1000 for each employee by naming them as a Defendant. On the other hand, if only one employee from ARB contacted Staats and violated the FDCPA, ARB would be vicariously liable only for that employee. Moreover, under

Staats' theory, it appears debt collector companies would always be on the hook for statutory damages for at least two Defendants—itself as a debt collector—and for its employee working on its behalf. That cannot possibly be what Congress intended under 15 U.S.C. § 1692k(a). The Court finds that the amount of statutory damages available in the action should not depend on something as random as the number of employees from the debt collector company that violate the FDCPA.

**B. Timely Service of Process**

The Court's denial of the Motion with regard to joining the actual employees as Defendants does not remove John and Jane Doe as Defendants. Rule 4(m) of the Federal Rules of Civil Procedure states "if a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own motion after notice to the plaintiff—must dismiss the action without prejudice against that defendant …." Here, Staats filed his Complaint on December 19, 2011, but has not served John and Jane Doe to date. Because service of process has not been executed on the fictitious Defendants within the time frame required by Rule 4(m), this Court hereby orders Staats to show good cause within seven days from the date of this Order why the Court should not dismiss John and Jane Doe from the case for lack of service.

## IV. Conclusion

For the foregoing reasons, Staats' Motion to Amend his Complaint [Dkt. 21] is hereby **DENIED** with regard to joining the two actual employees as Defendants. The Court, however, **GRANTS** the Motion with regard to Staats' attempt to add additional factual matters.

Staats is hereby **ORDERED** to file an Amended Complaint consistent with this

7

Order within seven days of the issuance of this Order. In addition, pursuant to Federal Rule of Civil Procedure 4(m), Staats is hereby **ORDERED**, within seven days of the issuance of this Order, to show good cause as to why the Court should not dismiss John and Jane Doe for lack of service.

Any objections to the Magistrate Judge's Order shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a), and failure to file timely objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 06/25/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

All electronically Registered Counsel